# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| EMMANUEL RISBROOK, ) <br> individually and on behalf of all others ) <br> similarly situated, ) <br>                   Plaintiff, ) <br> ) <br>     v. ) <br> ) <br> BLUE HORSESHOE NETWORK, LLC, ) <br> *doing business as* BLUE HORSESHOE ) <br> NETWORK, INC., ) <br>                   Defendant ) <br> _____ ) | Civil Action No. <br> 2:19-cv-11262 <br><br><br><br> **COLLECTIVE** <br> **ACTION COMPLAINT** <br> **AND JURY DEMAND** |

## COLLECTIVE ACTION COMPLAINT AND JURY DEMAND

Plaintiff Emmanuel Risbrook ("Plaintiff" or "Risbrook"), through his undersigned counsel, individually and on behalf of all others similarly situated, files this Collective Action Complaint against Defendant Blue Horseshoe Network, Inc. *doing business as* Blue Horseshoe Network, Inc. ("Defendant" or "Blue Horseshoe"). The following allegations are based on personal knowledge as to Plaintiff's own conduct and on information and belief as to the acts of others.

## PRELIMINARY STATEMENT

1. This is an action brought pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq.* ("FLSA"), seeking payment of unpaid overtime wages. Plaintiff, on behalf of himself and other similarly situated, also seeks

1

liquidated damages for the failure to pay overtime wages, as well as attorneys' fees and costs.

2. Plaintiff alleges that he and other similarly situated consultants were knowingly and improperly classified as independent contractors, and, as a result, did not receive overtime pay for hours worked in excess of forty (40) in a workweek.

## JURISDICTION AND VENUE

3. Jurisdiction over Plaintiff's FLSA claims is proper under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

4. Venue in this Court is proper pursuant to 28 U.S.C. § 1391, because Defendant has its principal place of business in Plymouth, Michigan, in this judicial district, and therefore a substantial part of the events giving rise to Plaintiff's claims took place in this District.

## PARTIES

5. Plaintiff Emmanuel Risbrook ("Plaintiff" or "Risbrook"), is an individual residing in Lake Mary, Florida.

6. Plaintiff worked for Defendant as a consultant providing support and training to Defendant's clients in using a new recordkeeping system in Miami, Florida, between approximately November 2016 and March 2017.

7. Pursuant to 29 U.S.C. § 216(b), Risbrook has consented in writing to participate in this action. *See* Ex. A.

8. Blue Horseshoe Network, LLC *doing business as* Blue Horseshoe Network, Inc. ("Defendant" or "Blue Horseshoe") is a Michigan corporation which provides information technology educational services for the healthcare industry across the United States.

9. Defendant employs individuals engaged in commerce or in the production of goods for commerce and/or handling, selling, or otherwise working on goods or materials that have been moved in or produced in commerce by any person, as required by 29 U.S.C. §§ 206-207.

10. Defendant's annual gross volume of sales made or business done exceeds $500,000.

## COLLECTIVE ACTION DEFINITION

11. Plaintiff brings Count I of this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of himself and the following class of potential FLSA opt-in litigants:

> All individuals who worked for Blue Horseshoe providing training and support to Blue Horseshoe's clients in using electronic recordkeeping systems in the United States from April 30, 2016 to the present and were classified as independent contractors (the "FLSA Collective").

12. Plaintiff reserves the right to redefine the FLSA Collective prior to notice and class certification, and thereafter, as necessary.

3

## FACTS

13. As healthcare information technology firm, Defendant provides training and support to healthcare facilities in connection with the implementation of new electronic recordkeeping systems.

14. Defendant employs consultants, such as Plaintiff, who perform such training and support services throughout the United States.

15. Defendant's financial results are significantly driven by the number of consultants performing training and support services for Defendant's customers, and the fees that Defendant charges the customers for these services.

16. Between approximately November 2016 and March 2017, Plaintiff was assigned by Blue Horseshoe to provide educational and support services to healthcare staff at South Miami Hospital in Miami, Florida.

17. Plaintiff was classified by Defendant as an independent contractor and was paid a set hourly rate for all hours worked. Although he routinely worked more than forty hours a week, he did not receive overtime for hours worked in excess of forty a week.

**Plaintiff and the FLSA Collective are Employees as a Matter of Economic Reality**

18. The work performed by Plaintiff and the FLSA Collective is an integral part of Defendant's business. Defendant is in the business of providing information technology educational services to the healthcare industry. Plaintiff and the FLSA

4

Collective provide support and training to Defendant's clients in connection with the implementation of electronic recordkeeping systems.

19. Plaintiff's and the FLSA Collective's duties do not involve managerial work. They follow the training provided to them by Defendant in performing their work, which is basic training and support in using electronic recordkeeping systems.

20. Plaintiff and the FLSA Collective do not make any significant relative investments in relation to their work with Defendant. Defendant provides the training and equipment required to perform the functions of their work.

21. Plaintiff and the FLSA Collective have little or no opportunity to experience a profit or loss related to their employment. Defendant pays Plaintiff and the FLSA Collective at a fixed hourly rate. Plaintiff and the FLSA Collective do not share in Defendant's monetary success; their income from their work is limited to their hourly rate.

22. Plaintiff's and the FLSA Collective's work does not require special skills, judgment or initiative. Defendant provides training to Plaintiff and the FLSA Collective, which they use to provide training and support to Defendant's clients.

23. Plaintiff and the FLSA Collective are economically dependent on Defendant. Plaintiff and the FLSA Collective are entirely dependent upon Defendant for their business, as they are not permitted to perform services for any other company during their time working for Defendant.

5

24. Plaintiff and the FLSA Collective are not customarily engaged in an independently established trade, occupation, profession or business.

25. Plaintiff and the FLSA Collective typically enter into successive projects for Defendant.

26. Plaintiff and the FLSA Collective have little or no authority to refuse or negotiate Defendant's rules and policies; they must comply or risk discipline and/or termination.

27. Defendant instructs Plaintiff and the FLSA Collective concerning how to do their work and Defendant dictates the details of the performance of their jobs. For example:

    a. Defendant, not Plaintiff or the FLSA Collective, conduct all of the billing and invoicing to Defendant's clients for the work. Defendant bills the third-party customers directly;

    b. Plaintiff and the FLSA Collective have no control over what prices to charge, or the scheduling of shifts. All negotiations over the cost of the work are done directly between Defendant and the third-party client;

    c. Defendant requires Plaintiff and the FLSA Collective to work the entire project from inception to conclusion;

      d.      Defendant provides all training needed for Plaintiff and the FLSA Collective to perform their work; and

      e.      Defendant requires Plaintiff and the FLSA Collective to perform in accordance with Defendant's policies, manuals, standard operating procedures and the third-party client's requirements.

28.    Plaintiff and the FLSA Collective often work approximately twelve (12) hours per day, seven (7) days per week during their project assignments for Defendant.

29.    Plaintiff and the FLSA Collective have to request Defendant's approval for time off. Defendant have the discretion to grant or deny such requests.

**Plaintiff and the FLS Collective are not Exempt as "Computer Employees" under the FLSA**

30.    Plaintiff and the FLSA Collective provide support and training to hospital staff in connection with electronic recordkeeping systems. Plaintiff has no specialized training or certification in computer programming, software documentation and analysis, or testing of computer systems or programs. Plaintiff and the FLSA Collective were not working as, nor were they similarly skilled as, computer systems analysts, computer programmers, or software engineers, as defined in 29 C.F.R. § 541.400(a).

31.    Plaintiff's and the FLSA Collective's primary duties consisted of training and aiding healthcare staff with using the new recordkeeping software,

7

whether one on one or in a classroom setting. Plaintiff's and the FLSA Collective's primary duties did not include the higher skills of the "application of systems analysis techniques and procedures," pursuant to 29 C.F.R. § 541.400(b)(1). Plaintiff and the FLSA Collective did not analyze, consult or determine hardware, software programs or any system functional specifications for Defendant's clients. *See id.*

32.     Plaintiff and the FLSA Collective did not consult with Defendant's customers to determine or recommend hardware specifications. Plaintiff and the FLSA Collective did not design, develop, document, analyze, create, test or modify a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2).

33.     While Plaintiff's and the FLSA Collective's work involved the use of computers, they were not "primarily engaged in computer systems analysis and programming." U.S. Dept. of Labor, Wage & Hour Div., Fact Sheet #17E: Exemption for Employees in Computer-Related Occupations under the Fair Labor Standards Act (FLSA). Plaintiff and the FLSA Collective provided support and training in using electronic recordkeeping systems to Defendant's clients.

**Plaintiff and the FLSA Collective Routinely Worked in Excess of 40 Hours a Week**

34.     Plaintiff and the FLSA Collective frequently worked in excess of forty (40) hours per workweek, but were not paid overtime compensation as required by the FLSA.

35.     Plaintiff and the FLSA Collective were paid only a straight hourly rate.

36. Plaintiff and the FLSA Collective were not provided with overtime compensation at the rate of one and one-half (1 ½) times their regular pay rate, when they worked more than forty (40) hours per week, as required by the FLSA.

37. Plaintiff and the FLSA Collective were not paid on a salary basis.

**Defendant Willfully Violated the FLSA**

38. Defendant had no reasonable basis to believe that Plaintiff and the members of the FLSA Collective were exempt from the requirements of the FLSA. Rather, Defendant either knew or acted with reckless disregard of clearly applicable FLSA provisions in classifying Plaintiff and the FLSA Collective Members as independent contractors. Such willfulness is demonstrated by, or may be reasonably inferred from, Defendant's actions and/or failures to act, including the following:

   a. At all times relevant hereto, Defendant maintained payroll records which reflected the fact that Plaintiff and the FLSA Collective did, in fact, regularly work in excess of 40 hours per week, and thus, Defendants had actual knowledge that Plaintiff and the FLSA Collective worked overtime;

   b. At all times relevant hereto, Defendant knew that it did not pay Plaintiff and the FLSA Collective Members one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week;

9

c. As evidenced by its own job offer letters and training materials for consultants, at all times relevant hereto, Defendant was aware of the nature of the work performed by consultants, and, in particular, that such individuals worked exclusively with healthcare workers employed by Defendant's clients, providing basic training and support;

d. As evidenced by its own job offer letters and training materials for consultants, Defendant knew and understood that it was subject to the wage requirements of the FLSA as an "employer" under 29 U.S.C. § 203(d).

e. At all times relevant hereto, Defendant was aware that their consultants did not engage in: (i) computer systems analysis, computer programming, or software engineering, as defined in 29 C.F.R. § 541.400(a); (ii) the application of systems analysis techniques and procedures, as defined in 29 C.F.R. § 541.400(b)(1); or (iii) the design, development, analysis, creation, testing or modification of a computer system or program, as defined in 29 C.F.R. § 541.400(b)(2);

f. Defendant lacked any reasonable or good faith basis to believe that its consultants fell within any exemption from the overtime requirements of the FLSA. Rather, Defendant deliberately misclassified its consultants as independent contractors in order to avoid paying them

overtime compensation to which they were entitled;

g. At all times relevant hereto, Defendant was aware that it would (and, in fact did) benefit financially by failing to pay Plaintiff and the FLSA Collective one and one-half (1 ½) times their regular pay rate for hours worked in excess of forty (40) hours per week; and

h. Thus, Defendant had (and has) a strong financial motive to violate the requirements of the FLSA by misclassifying tits consultants as independent contractors.

39. Based upon the foregoing, Defendant was cognizant that, or recklessly disregarded whether, its conduct violated the FLSA.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

40. Plaintiff brings this lawsuit pursuant to 29 U.S.C. § 216(b) as a collective action on behalf of the FLSA Collective defined above.

41. Plaintiff desires to pursue his FLSA claims on behalf of all individuals who opt-in to this action pursuant to 29 U.S.C. § 216(b).

42. Plaintiff and the FLSA Collective Members are "similarly situated" as that term is used in 29 U.S.C. § 216(b) because, *inter alia*, all such individuals have been subject to Defendant's common business and compensation practices as described herein, and, as a result of such practices, have not been paid the legally mandated overtime compensation for hours worked over forty (40) during the

11

workweek. Resolution of this action requires inquiry into common facts, including, *inter alia*, Defendant's common misclassification, compensation and payroll practices.

43. The FLSA requires non-exempt hourly employees to be compensated at a rate of 1.5 times the regular hourly rate for all hours worked over 40 in a week.

44. Defendant misclassified Plaintiff and FLSA Collective Members as independent contractors, and, as a result, failed to provide them overtime compensation for hours worked in excess of 40 a week.

45. The similarly situated employees are known to Defendant, are readily identifiable, and can easily be located through Defendant's business and human resources records.

46. Defendant employs many FLSA Collective Members throughout the United States. These similarly situated employees may be readily notified of this action through U.S. Mail and/or other means, and allowed to opt in to this action pursuant to 29 U.S.C. § 216(b), for the purpose of collectively adjudicating their claims for overtime compensation, liquidated damages (or, alternatively, interest) and attorneys' fees and costs under the FLSA.

## COUNT I
### FLSA – Overtime Wages
### (On Behalf of Plaintiff and the FLSA Collective)

47. All previous paragraphs are incorporated as though fully set forth

herein.

48. The FLSA defines "employer" broadly to include "any person acting directly or indirectly in the interest of an employer in relation to an employee..." 29 U.S.C. § 203(d).

49. Defendant is subject to the wage requirements of the FLSA because Defendants is an "employer" under 29 U.S.C. § 203(d).

50. At all relevant times, Defendant has been an "employer" engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

51. During all relevant times, Plaintiff and the FLSA Collective Members have been covered employees entitled to the above-described FLSA's protections. *See* 29 U.S.C. § 203(e).

52. Plaintiff and the FLSA Collective Members are not exempt from the requirements of the FLSA.

53. Plaintiff and the FLSA Collective Members are entitled to be paid overtime compensation for all hours worked over forty (40) in a workweek pursuant to 29 U.S.C. § 207(a)(1).

54. Defendant, pursuant to its policies and practices, failed and refused to pay overtime compensation to Plaintiff and the FLSA Collective members for their overtime hours worked by misclassifying Plaintiff and the FLSA Collective as

independent contractors.

55. Defendant knowingly failed to compensate Plaintiff and the FLSA Collective Members at a rate of one and one-half (1 ½) times their regular hourly wage for hours worked in excess of forty (40) hours per week, in violation of 29 U.S.C. § 207(a)(1).

56. In violating the FLSA, Defendant acted willfully and with reckless disregard of clearly applicable FLSA provisions.

57. In violating the FLSA, on information and belief, Defendant did not have any good faith basis to rely on any legal opinion or advice to the contrary.

## JURY TRIAL DEMANDED

58. Plaintiff demands a trial by jury for all issues of act.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks the following relief on behalf of himself and the Members of the FLSA Collective:

    a. An order permitting this litigation to proceed as a collective action pursuant to 29 U.S.C. § 216(b);

    b. Prompt notice, pursuant to 29 U.S.C. § 216(b), of this litigation to all potential members of the FLSA Collective;

    c. Back pay damages (including unpaid overtime compensation and unpaid wages) and prejudgment interest to the fullest extent permitted

under the law;

d. Liquidated damages to the fullest extent permitted under the law;

e. Litigation costs, expenses, and attorneys' fees to the fullest extent permitted under the law; and

f. Such other and further relief as this Court deems just and proper.


Dated:  April 30, 2019                    Respectfully submitted,

EMMANUEL RISBROOK,
individually and on behalf of others
similarly situated,

/s/ David M. Blanchard
David M. Blanchard (P67190)
Frances J. Hollander (P82180)
BLANCHARD & WALKER, PLLC
221 N. Main Street, Suite 300
Ann Arbor, MI 48104
Telephone: 734.929.4313
blanchard@bwlawonline.com
hollander@bwlawonline.com

Shanon J. Carson
Sarah R. Schalman-Bergen
Alexandra K. Piazza
BERGER & MONTAGUE, P.C.
1622 Locust Street
Philadelphia, PA 19103
Telephone: (215) 875-3000
Facsimile: (215) 875-4604
scarson@bm.net
sschalman-bergen@bm.net
apiazza@bm.net

15

Harold Lichten
Olena Savytska
LICHTEN & LISS-RIORDAN, P.C.
729 Boylston St., Suite 2000
Boston, MA 02116
Telephone: (617) 994-5800
Facsimile: (617) 994-5801
hlichten@llrlaw.com
osavytska@llrlaw.com

*Attorneys for Plaintiff
and the Proposed Collective*