**IN THE UNITED STATE DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| EMMANUEL RISBROOK, | ) | Civil Action No. |
| individually and on behalf of all others | ) | 2:19-cv-11262 |
| similarly situated, | ) | |
| Plaintiff, | ) | Hon. Paul D. Borman |
| | ) | |
| v. | ) | |
| | ) | |
| BLUE HORSESHOE NETWORK, LLC, | ) | |
| d/b/a BLUE HORSESHOE NETWORK, | ) | |
| INC. and ATOS DIGITAL HEALTH | ) | |
| SOLUTIONS INC. f/k/a THE | ) | |
| BREAKAWAY GROUP, LLC, | ) | |
| Defendants. | ) | |
| _____ | ) | |

**PLAINTIFF'S UNOPPOSED MOTION FOR APPROVAL OF FLSA**
**SETTLEMENT AND FOR ATTORNEYS' FEES AND COSTS**

Plaintiff Emmanuel Risbrook, through his undersigned counsel, respectfully

moves this Court for an Order:

1.    Granting final approval of the Parties' FLSA Collective Action

Settlement Agreement as a fair and reasonable resolution of a *bona fide* dispute

under the Fair Labor Standards Act.

2.    Certifying the following Settlement Collective pursuant to 29 U.S.C. §

216(b), for settlement purposes only:

> Plaintiff and the current Opt-In Plaintiffs in *Risbrook v. Blue Horseshoe*
> *Network, LLC d/b/a Blue Horseshoe Network, Inc., et al*., No. 2:19-cv-
> 11262 (E.D. Mich.) (the "FLSA Collective").

3.     Approving the Gross Settlement Amount of $142,500.00 in resolution of this action.

4.     Approving the proposed service award in the amount of $3,000.00, from the Gross Settlement Amount, to Plaintiff Emmanuel Risbrook for his service to the Settlement Collective.

5.     Approving Plaintiff's unopposed request for attorneys' fees, in the amount of $45,000.00 and out-of-pocket costs and expenses, currently $742.21, both of which are to be paid from the Gross Settlement Amount.

6.     Dismissing this action with prejudice upon Court approval of the settlement.

7.     Reserving exclusive and continuing jurisdiction over this action, the named Plaintiff, and the FLSA Collective for purposes of supervising the implementation and enforcement of the Settlement Agreement, this Order, and all settlement administration matters.

This Motion is based on the accompanying Memorandum of Law, the Declarations of Harold L. Lichten, Sarah R. Schalman-Bergen, and David M. Blanchard, and all other records, pleadings, and papers on file in this action. Pursuant to the terms of the Settlement Agreement, Defendants do not oppose this Motion.

A proposed Order is submitted for the Court's consideration.

Dated:  May 14, 2020                     Respectfully submitted,

                                         EMMANUEL RISBROOK, individually
                                         and on behalf of others similarly situated

                                         /s/ Harold Lichten
                                         Harold Lichten

                                         LICHTEN & LISS-RIORDAN, P.C.
                                         729 Boylston St., Suite 2000
                                         Boston, MA 02116
                                         Telephone: (617) 994-5800
                                         Facsimile: (617) 994-5801
                                         hlichten@llrlaw.com

                                         *Attorneys for Plaintiff*
                                         *and the Proposed Class*

**IN THE UNITED STATE DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

| | | |
|---|---|---|
| EMMANUEL RISBROOK, | ) | Civil Action No. |
| individually and on behalf of all others | ) | 2:19-cv-11262 |
| similarly situated, | ) | |
|        Plaintiff, | ) | Hon. Paul D. Borman |
| | ) | |
|   v. | ) | |
| | ) | |
| BLUE HORSESHOE NETWORK, LLC, | ) | |
| d/b/a BLUE HORSESHOE NETWORK, | ) | |
| INC. and ATOS DIGITAL HEALTH | ) | |
| SOLUTIONS INC. f/k/a THE | ) | |
| BREAKAWAY GROUP, LLC, | ) | |
|        Defendants. | ) | |
| _____ | ) | |


**MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED
MOTION FOR APPROVAL OF FLSA SETTLEMENT AND FOR
ATTORNEYS' FEES AND COSTS**

## <u>STATEMENT OF ISSUES PRESENTED</u>

I.    Whether the proposed FLSA Collective Action Settlement Agreement is a fair and reasonable resolution of the *bona fide* dispute.

       Plaintiff's Answer: Yes

II.    Whether the attorneys' fees and costs requested are reasonable.

       Plaintiff's Answer: Yes

III.    Whether the requested service award to Plaintiff Risbrook is reasonable.

       Plaintiff's Answer: Yes

## <u>CONTROLLING OF MOST APPROPRIATE AUTHORITY</u>

29 U.S.C. § 216(b)

*Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 WL 1950988 (E.D. Mich. May 11, 2017)

*Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017)

*Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 WL 2095172 (N.D. Ohio May 4, 2018)

*Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332 (S.D.N.Y. 2012)

## I.    INTRODUCTION

Plaintiff Emmanuel Risbrook ("Plaintiff"), through his counsel, hereby moves for approval of the Settlement Agreement reached in the above-captioned action against Defendants Blue Horseshoe Network, LLC d/b/a Blue Horseshoe Network, Inc. ("Blue Horseshoe") and Atos Digital Health Solutions Inc. f/k/a The Breakaway Group, LLC ("Atos") (together, "Defendants"). As set out in the supporting Memorandum of Law and Declarations submitted with this Motion, the Settlement Agreement is fair and reasonable, and should be approved by this Court. Accordingly, Plaintiff respectfully requests that the Court issue an Order: (1) approving Plaintiff's attorneys' fees in the amount $45,000.00 and costs and expenses of $742.21; (2) approving service award to Plaintiff Emmanuel Risbrook in the amount of $3,000.00; and (3) granting approval of the Settlement Agreement and dismissing this case with prejudice in accordance with the terms of the Settlement Agreement.

As described in greater detail below, the Settlement Agreement provides for a total payment of $142,500.00 which, after deductions for attorneys' fees and costs, will be distributed on a *pro rata* basis to Plaintiff and the 44 existing additional Opt-In Plaintiffs who performed consulting work for either or both Defendants in the United States at any time between April 30, 2016 and February 26, 2020 (the

"Relevant Time Period") (the "FLSA Collective Members").

The entire Net Settlement Amount will be distributed to Settlement Collective Members in accordance with the formula set forth in Paragraph 10 of the Agreement. Pursuant to this formula, every FLSA Collective Member will receive a minimum *per capita* payment of $1,000.00, as well as a *pro rata* payment based on the total number of overtime hours he or she worked during the Relevant Time Period. The Settlement Agreement provides for a one-step approval process, which will efficiently resolve the pending case in a manner that benefits all Parties. As shown below, this Settlement is a fair and reasonable resolution of a *bona fide* dispute under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and it furthers the implementation of the FLSA in the workplace. Accordingly, the Motion for Settlement Approval should be granted.

## II.    FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff Emmanuel Risbrook filed this case against Defendant Blue Horseshoe in the District Court for the Eastern District of Michigan on April 30, 2019 alleging overtime claims under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. Dkt. 1. Defendant Blue Horseshoe moved on August 2, 2019 to dismiss the case and compel Plaintiff's and opt-ins' claims to arbitration. Dkt. 21. On August 23, 2019, Plaintiff amended his Complaint to add Defendant Atos. Dkt.

2

27. In November 2019, the Parties agreed to stay the case for purposes of engaging in alternative dispute resolution. Dkt. 36.[1]

On February 11, 2020, the Parties participated in a full-day mediation before David Kotzian. Following additional negotiations, the Parties entered into a Memorandum of Understanding on April 17, 2020. The Memorandum of Understanding was subsequently reduced to a Settlement Agreement, attached hereto as Exhibit 1.

Prior to the mediation session, counsel for Defendants provided Plaintiff's Counsel with payroll data regarding the overtime hours worked by Plaintiff and Opt-Ins. Plaintiff's Counsel used this data to prepare a detailed damages estimate. Upon settlement approval, Plaintiff's Counsel will use this data to calculate the Settlement Award due to each FLSA Collective Member. Settlement Agreement ¶ 10(b); Declaration of Harold Lichten (Lichten Decl.), attached hereto as Exhibit 2, ¶ 8. After this Court approves the Settlement Agreement, and after the approval becomes final, Defendants will transfer the Gross Settlement Amount to an escrow fund identified by Plaintiff's Counsel. Settlement Agreement ¶ 7. Plaintiff's Counsel will then issue checks, representing the Settlement Awards, to FLSA Collective Members. *Id.* at ¶ 13. The claims that FLSA Collective Members will release as part

---

[1]  At all relevant times, both Defendants have disputed the merits of the action, have asserted that Plaintiff and the Opt-Ins were properly classified as independent contractors, and have further asserted that the claims at issue in this action are subject to individual arbitration.

of this Settlement Agreement are appropriately limited to release any and all overtime or other wage and hour claims against all Defendants that accrued while working on all Blue Horseshoe projects between April 30, 2016 and February 26, 2020, including, without limitations, all state and federal claims for unpaid overtime wages, and related claims for penalties, interest, liquidated damages, attorneys' fees, costs, and expenses. *Id.* at ¶ 18.

Distribution of the Net Settlement Amount will be based upon the following formula: Each FLSA Collective Member will receive a *per capita* award of $1,000.00. Settlement Agreement ¶ 10(a). After these *per capita* awards are subtracted from the Net Settlement Amount, the remainder of the Net Settlement Amount will be divided as follows: For each workweek in which during which such FLSA Collective Member worked more than forty (40) hours but did not receive overtime premium pay ("Uncompensated Overtime") during the Relevant Time Period, he or she shall receive a *pro rata* portion of the Net Settlement Amount based on the actual number of Uncompensated Overtime hours such FLSA Collective Member worked. *Id.* ¶ 10(b).[2] Each FLSA Collective Member receiving a portion based on the individual's Uncompensated Overtime hours as the numerator and the total overtime hours of all FLSA Collective Members as the denominator. *Id.*

---

[2] Defendants have contested that the FLSA Collective Members are due any premium pay for overtime, but agreed to these payments for settlement purposes only.

Settlement Award determinations will be based on Defendants' payroll records. *Id.* As the FLSA Collective Members were classified as independent contractors, Settlement Awards will be reported on an IRS Form 1099 and will not be subject to any withholding taxes. *Id.* ¶ 11.

### III.   ARGUMENT

### A.   Standard for Settlement Approval Under the FLSA

The FLSA provides that "[a]ny employer who violates the provisions of section 206 or 207 of this title shall be liable to the employee . . . affected in the amount of their unpaid minimum wages, or their unpaid overtime compensation, as the case may be . . . ." 29 U.S.C. § 216(b). The FLSA's provisions are mandatory and, generally, are not subject to bargaining, waiver, or modification by contract or private settlement. *Brooklyn Sav. Bank v. O'Neil*, 324 U.S. 697, 706 (1945). The two limited circumstances in which FLSA claims may be compromised are (1) when the Secretary of Labor supervises the settlement pursuant to 29 U.S.C. § 216(c) or (2) when a court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b). *Cheeks v. Freeport Pancake H., Inc.*, 796 F.3d 199, 206 (2d Cir. 2015); *Lynn's Food Stores, Inc. v. United States, U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

"In reviewing a settlement of an FLSA private claim, a court must scrutinize the proposed settlement for fairness, and determine whether the settlement is a fair

and reasonable resolution of a bona fide dispute over FLSA provisions." *Brown v. AK Lawncare, Inc.*, No. 14-14158, 2017 WL 1950988, at *2 (E.D. Mich. May 11, 2017) (attached hereto as Exhibit 5) (citing *Williams v. K&K Assisted Living LLC*, No. 15-cv-11565, 2016 WL 319596, at *1 (E.D. Mich. Jan. 27, 2016)) (attached hereto as Exhibit 6) (internal quotation marks and citations omitted). In determining whether a proposed settlement is fair and reasonable, the court considers several factors:

> (1) the plaintiff's range of possible recovery; (2) the extent to which the settlement will enable the parties to avoid anticipated burdens and expenses in establishing their respective claims and defenses; (3) the seriousness of the litigation risks faced by the parties; (4) whether the settlement agreement is the product of arm's-length bargaining between experienced counsel; (5) and the possibility of fraud or collusion.

*Id.* (citing *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012)) (internal quotation marks and citations omitted). "A district court may choose to consider only factors that are relevant to the settlement at hand." *Id.* (citing *Snook v. Valley OB-Gyn Clinic, P.C.*, No. 14-cv-12302, 2015 WL 144400, at *1 (E.D. Mich. Jan. 12, 2015)) (attached hereto as Exhibit 7).

Finally, a one-step approval process is appropriate in FLSA settlements. *See Osman v. Grube, Inc.*, No. 3:16-CV-00802-JJH, 2018 WL 2095172, at *2 (N.D. Ohio May 4, 2018) (attached hereto as Exhibit 8) (citing *Briggs v. PNC Fin. Servs. Group, Inc.,* No. 15–cv–10447, 2016 WL 7018566 (N.D. Ill. Nov. 29, 2016)

(attached hereto as Exhibit 9) ("A one–step settlement approval process is appropriate[ ] in FLSA settlements.")). "Because the failure to opt in to an FLSA lawsuit does not prevent potential members of the collective from bringing their own suits in the future, FLSA collective actions do not implicate the same due process concerns as do Rule 23 actions." *Id.* (citing *Woods v. N.Y. Life Ins. Co.*, 686 F.2d 578, 579–80 (7th Cir. 1982)). The Settlement Agreement in this case both meets the requirements for fairness and reasonableness with respect to the FLSA Collective Members and furthers the implementation of the FLSA.

### B. The Settlement Agreement Represents a Reasonable Compromise of Disputed Issues

The Settlement Agreement reflects a reasonable compromise of disputed issues related to the merits as well as collective treatment of the FLSA Collective Members' claims. As one court noted in considering a proposed FLSA settlement, "both parties face risks if the Court determines the appropriate calculation of overtime pay." *Williams v. Alimar Sec., Inc.*, CV 13-12732, 2017 WL 427727, at *3 (E.D. Mich. Feb. 1, 2017) (attached hereto as Exhibit 10). In this case, as in many class and collective actions, "[t]he prospect of a trial necessarily involves the risk that Plaintiffs would obtain little or no recovery." *In re Cardizem CD Antitrust Litig.*, 218 F.R.D. 508, 523 (E.D. Mich. 2003).

In this case, while Plaintiff and the FLSA Collective Members contend that they were employees of Defendants as a matter of economic reality and were denied

overtime compensation in violation of the FLSA, Defendants argue that they properly classified FLSA Collective members as independent contractors. Lichten Decl. ¶ 10. After evaluating the evidence in this case, the Parties agree that significant factual questions remain with respect to liability and damages under Plaintiff's theory. *Id.* ¶ 13. Defendants also maintain that the FLSA Collective Action Members' claims are subject to individual arbitration, and, in the absence of a settlement agreement, it is likely that each of the FLSA Collective Members would be required to pursue his or her claims through individual arbitration. *Id.* ¶ 11.

### C.   The Monetary Terms and the Release Contained in the Settlement Agreement are Fair to the FLSA Collective Members

The determination of whether a settlement amount is reasonable "does not involve the use of a 'mathematical equation yielding a particularized sum.'" *Frank v. Eastman Kodak Co.*, 228 F.R.D 174, 186 (W.D.N.Y. 2005) (quoting *In re Austrian & German Bank*, 80 F. Supp. 2d at 178). "Instead, 'there is a range of reasonableness with respect to a settlement – a range which recognizes the uncertainties of law and fact in any particular case and the concomitant risks and costs necessarily inherent in taking any litigation to completion.'" *Id*. (quoting *Newman v. Stein*, 464 F.2d 689, 693 (2d Cir. 1972)). The instant settlement represents a reasonable compromise, since, "given the factual and legal complexity of the case, there is no guarantee that the FLSA Collective Members would have prevailed. In contrast, the Settlement Agreement assures that the FLSA Collective Members will receive compensation

for the alleged violations at issue." *Cooper v. Winking Lizard, Inc.*, 1:16CV1513, 2017 WL 4465759, at *3 (N.D. Ohio Oct. 4, 2017) (attached hereto as Exhibit 11).

Plaintiff's Counsel have performed detailed, week-by-week calculations of the possible overtime damages for each of the FLSA Collective Members were they eventually successful at trial. Lichten Decl. ¶ 8. The $142,500.00 settlement requires Defendants to pay more than 70% of the total, unliquidated damages that the FLSA Collective Members could have recovered if they continued to pursue this action and had been successful at trial or arbitration. *Id.* 15. The recovery to Plaintiff and the FLSA Collective Members is, therefore, a fair and reasonable resolution of the dispute, and should be approved by this Court. *See, e.g.*, *Rankin v. Rots*, 02-CV-71045, 2006 WL 1876538, at *4 (E.D. Mich. June 27, 2006) (attached hereto as Exhibit 12) (finding settlement amount representing 18-46 percent of each plaintiff's total claimed damages reasonable as it was conceivable that plaintiffs could recover less at trial).

The discounted recovery reflects: (1) the fact that Defendants would have vigorously contested the merits of Plaintiff's FLSA claims on the basis that they were properly classified as independent contractors; (2) that Defendants contend that the shorter two-year statute of limitations under the FLSA would have been appropriate, which would limit Plaintiff's and FLSA Collective Members' possible recovery; and (3) that Defendants contend that Plaintiff's and FLSA Collective

Members' claims are subject to individual arbitration. *See* Lichten Decl. ¶¶ 10-12; *see also* 29 U.S.C. § 255(a).  Further, if this matter had remained in Court, which Defendants dispute based on arbitration provisions, Defendants would have argued that Plaintiff and the FLSA Collective Members were not "similarly situated" under the FLSA. Were they allowed to proceed in court, and were they ultimately successful at trial, Plaintiff and the FLSA Collective Members would have sought liquidated damages in an amount equal to their back pay award; Defendants would have argued that they acted in good faith and that liquidated damages were not appropriate. *See* Lichten Decl. ¶ 12; *see also* 29 U.S.C. § 216 (permitting liquidated damages); 29 U.S.C. § 260 (providing the employer with a safe harbor to avoid liquidated damages where actions were undertaken "in good faith"). Given the abundance of disputed issues, a settlement that requires Defendants to pay nearly the full amount of unliquidated FLSA damages during a three-year statutory period, and provides FLSA Collective Members with more than 70% of their alleged unpaid wages, is a fair and reasonable compromise of the FLSA Collective Members' claims. Lichten Decl. ¶¶ 9, 12, 15.

The formula to determine each FLSA Collective Member's settlement payment is also fair and reasonable. Lichten Decl. ¶ 16. Each FLSA collective Member will receive a *per capita* award from the Net Settlement Amount; the remainder of the Net Settlement Fund will be allocated among FLSA Collective

Members based on the number of purported overtime hours that they worked providing services to Defendants during the Relevant Time Period as a fraction of the overtime hours worked by all FLSA Collective Members. *Id.* Thus, those individuals who worked more hours on the assignments at issue  will receive more under the Settlement Agreement than those who worked for a fewer hours. *Id.* Under this formula, the maximum settlement share will be approximately $9,323.45. The average settlement share is approximately $5,455.18. *Id.*

The scope of the releases in the Settlement Agreement is also fair and reasonable. FLSA Collective Members will release only the wage and hour claims that they may have against Defendants and accompanying claims for attorneys' fees and costs. Lichten Decl. ¶ 17; Settlement Agreement ¶ 17. Further, there is no release of prospective rights or non-wage claims other than with respect to the named Plaintiff in exchange for his Service Award.

### D.      Avoiding Anticipated Burdens in Establishing the Respective Claims and Defenses and the Seriousness of the Litigation Risks Faced by the Parties

Plaintiff believes that the Settlement is an excellent result for the FLSA Collective. Defendants were prepared to defend this action vigorously by asserting a number of defenses to liability and disputing that the claims presented were appropriate for FLSA collective action treatment. The proposed settlement provides relief to Plaintiff and the FLSA Collective Members that takes into account

Defendants' defenses and provides compensation to Collective Members without years of delay incumbent in continued litigation.

### E. Arm's-Length Bargaining Between Experienced Counsel and the Possibility of Fraud or Collusion

The Settlement is the result of contested litigation, factual discovery, and arm's-length negotiations. Lichten Decl. ¶¶ 5-8. It was reached only after the Parties exchanged substantial settlement-related discovery and conducted a full-day, in-person mediation session, followed by additional negotiations. *Id*. As described above, Plaintiff's Counsel extensively investigated the applicable law and applied it to the relevant facts, taking into account the potential defenses. *Id.* ¶¶ 10-13.

### F. The Proposed Service Award to the Named Plaintiff is Fair and Reasonable

The settlement also provides for a Sservice Award of $3,000.00 to Named Plaintiff Emmanuel Risbrook, which is fair and reasonable. Settlement Agreement ¶ 9(a). Courts in this Circuit recognize that "class representatives who have had extensive involvement in a class action litigation deserve compensation above and beyond amounts to which they are entitled to by virtue of class membership alone." *Lonardo v. Travelers Indem. Co.*, 706 F. Supp. 2d 766, 787 (N.D. Ohio 2010), *reconsideration granted in part on other grounds* (July 21, 2010). Thus, "[n]umerous courts have authorized incentive awards" as a way to reward "class representatives for their often extensive involvement with a lawsuit." *Liberte Capital*

12

*Group v. Capwill,* 2007 WL 2492461, \*1–2 (N.D. Ohio Aug. 29, 2007) (attached hereto as Exhibit 13).[3] In sum, "incentive awards are efficacious ways of encouraging members of a class to become class representatives and rewarding individual efforts taken on behalf of the class." *Hadix v. Johnson,* 322 F.3d 885, 897 (6th Cir. 2003).

The Named Plaintiff brought this action on behalf of other consultants who provided services to Defendants. He provided his contracts and helped Plaintiff's Counsel develop their theories of liability and damages models. Lichten Decl. ¶ 20. Plaintiff provided significant assistance to Plaintiff's Counsel as they drafted the Complaint, reviewed Defendants' document production, and prepared for mediation, and the modest incentive/service award of $3,000.00 fairly recognizes the services that he has performed in advancing the FLSA Collective Members' interests and the time that he dedicated to the lawsuit. *Id.* ¶¶ 20-21. This amount is consistent with

---

[3] *See also Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 10-cv-14360, 2015 WL 1498888, at \*18 (E.D. Mich. Mar. 31, 2015) (attached hereto as Exhibit 14) ("Courts have approved incentive awards of up to $15,000.00 for individual plaintiff class representatives for providing information to class counsel, receiving and approving pleadings, assisting in discovery and participating in settlement discussions.") (citing *In re CMS Energy ERISA Litig.*, No. 02-72834, 2006 WL 2109499, at \*3 (E.D. Mich. June 27, 2006) (attached hereto as Exhibit 15)); *Swigart v. Fifth Third Bank*, 1:11-CV-88, 2014 WL 3447947, at \*7 (S.D. Ohio July 11, 2014) (attached hereto as Exhibit 16) (approving incentive/service award of $10,000.00 to each named representative); *Johnson v. Midwest Logistics Sys., Ltd.*, No. 2:11-cv-1061, 2013 WL 2295880, at \*5 (S.D. Ohio May 24, 2013) (attached hereto as Exhibit 17) (approving incentive/service award of $12,500); *Physicians of Winter Haven LLC v. Steris Corp.*, No. 1:10-cv-264, 2012 WL 406966, at \*4 (N.D. Ohio Feb. 6, 2012), *report and recommendation adopted*, 2012 WL 406976 (N.D. Ohio Feb. 8, 2012) (attached hereto as Exhibit 18) (approving incentive/service award of $15,000.00).

service awards that have been approved in similar cases. Courts have routinely

recognized the importance of such awards in wage cases of this nature, where "the

plaintiff is often a former or current employee of the defendant, and thus, by lending

his name to the litigation, he has, for the benefit of the class as a whole, undertaken

the risk of adverse actions by the employer or co-workers." *Frank v. Eastman Kodak

Co.*, 228 F.R.D. 174, 187-188 (W.D.N.Y. 2005).[4]

### G.   Certification of the FLSA Collective Pursuant to 29 U.S.C. § 216(b) is Appropriate for Settlement Purposes

The FLSA allows workers to bring an action either on an individual basis or

on a collective basis for himself or herself "and other employees similarly situated."

29 U.S.C. § 216(b). The Sixth Circuit has held that there are "three non-exhaustive

factors that [are] relevant to the FLSA's similarly situated analysis: (1) the 'factual

and employment settings of the individual[ ] plaintiffs'; (2) the different defenses to

which the plaintiffs may be subject on an individual basis'; and (3) 'the degree of

fairness and procedural impact of certifying the action as a collective action.'"

*Monroe v. FTS USA, LLC*, 860 F.3d 389, 397 (6th Cir. 2017), *cert. denied*, 138 S.

---

[4] *See also Sand v. Greenberg*, No. 08-cv-7840, 2011 WL 7842602, at *3 (S.D.N.Y. Oct. 6, 2011) (attached hereto as Exhibit 19) (approving service awards in FLSA case as reasonable and finding that Plaintiffs "took risks by putting their names on this lawsuit," including the risk of "blacklisting and other more subtle forms of retaliation"); *Craig v. Rite Aid Corp.*, No. 4:08-cv-2317, 2013 WL 84928, at *13 (M.D. Pa. Jan. 7, 2013), *appeal dismissed* (3d Cir. Feb. 20, 2013) (attached hereto as Exhibit 20) ("[N]amed Plaintiffs in FLSA or state wage and hour claims are often retaliated against in the industry as a result of their obvious participation in such litigation.").

Ct. 980 (2018) (quoting *O'Brien v. Ed Donnelly Enters.*, 575 F.3d 567, 584 (6th Cir. 2009)).

For settlement purposes only, Plaintiff and the FLSA Collective Members in this case are similarly situated, as they had substantially similar job requirements and were subject to a common practice, policy or plan whereby they were all required to perform work without overtime compensation.[5] Plaintiff and FLSA Collective Members performed similar tasks, which generally consisted of providing support and training to healthcare staff in connection with the implementation of a new electronic recordkeeping system. Plaintiffs and the FLSA Collective Members further have asserted that they worked similar schedules and were subject to the same compensation policies and practices—they were paid a set hourly rate, and were not paid time-and-a-half for hours worked in excess of forty a week. In sum, Plaintiff has demonstrated the existence of a collective of similarly situated employees, such that collective certification of the collective sought herein is appropriate for settlement purposes. Lichten Decl. ¶ 14.

---

[5] In the absence of a settlement, Defendants challenged whether Plaintiff and the FLSA Collective Members were similarly situated.

### H.   Attorneys' Fees and Costs for Plaintiff's Counsel Should be Approved

#### 1.   The Attorneys' Fees Requested Should be Approved

The FLSA allows for a Plaintiff to recover his/her attorneys' fees and expenses under the statute's fee-shifting provisions. *See* 29 U.S.C. § 216(b) ("The court in such action shall, in addition to any judgment awarded to Plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). "Where the settlement agreement includes the payment of attorney's fees, the court must assess the reasonableness of that amount." *Belmont v. Homes of Opportunity, Inc.*, No. CV 18-10854, 2018 WL 6571145, at *1 (E.D. Mich. Dec. 13, 2018) (attached hereto as Exhibit 21) (citing *Wolinsky*, 900 F. Supp. 2d at 336); *see also Cruz v. Vel–A–Da, Inc.,* No. 3:90CV7087, 1993 WL 659253, at *3 (N.D. Ohio May 14, 1993) (attached hereto as Exhibit 22) (citing *United Slate, Tile & Composition Roofers, Damp and Waterproof Workers Ass'n, Local 307 v. G & M Roofing and Sheet Metal Co.,* 732 F.2d 495, 501 (6th Cir.1984)) (an "award of attorneys' fees under the FLSA is mandatory, with the amount of fees within the discretion of the court.").

The Settlement Agreement provides for the payment of Plaintiff's attorneys' fees in the amount of $45,000.00, representing 31.5% of the Gross Settlement Amount. Settlement Agreement ¶ 9(b). The contingency fee agreement in this case provides for recovery of actual costs as well as fees equal to one-third (1/3) of the

16

gross recovery, so Plaintiff's Counsel's request represents a reduction of the fee amount agreed to by their clients. Fee requests of one-third of the settlement fund have been routinely approved by courts in similar cases. *See Swigart*, 2014 WL 3447947, at *7 (collecting cases) ("An award of 33% of the total settlement fund is well within the range of fees requested in class and collective actions in Ohio federal district courts.").[6] Fees within this range are "presumptively reasonable." *Vaszlavik v. Storage Tech. Corp.*, No. 95-V-2525, 2000 WL 1268824, at *4 (D. Colo. March 9, 2000) (attached hereto as Exhibit 23).

Plaintiff's Counsel have collectively spent more than 200 hours advocating on behalf of Plaintiff and the FLSA Collective Members. Lichten Decl. ¶ 24; Declaration of Sarah Schalman-Bergen ("Schalman-Bergen Decl."), ¶ 12 (attached as Exhibit 3); Declaration of David Blanchard, ("Blanchard Decl.") ¶ 9 (attached hereto as Exhibit 4). Although the percentage-of-the-fund approach is the preferred method for evaluating attorneys' fees awards,[7] Plaintiff's requested fee award is also

---

[6] Courts around the country have "routinely awarded one-third or more of the settlement fund as attorneys' fees in wage and hour cases." *See Henry v. Little Mint, Inc.*, No. 12-cv-3966, 2014 WL 2199427, *15 (S.D.N.Y. May 23, 2014) (attached hereto as Exhibit 24) (noting that request for fees was "in line with decisions from across the country that have awarded one-third or more in wage-and-hour settlements" and citing cases); *Williams v. Aramark Sports, LLC*, No. 10-cv-1044, 2011 WL 4018205, at *10 (E.D. Pa. Sept. 9, 2011) (attached hereto as Exhibit 25) (noting that study of class action fee awards within the Third Circuit found that average attorneys' fees percentage in such cases was 31.71% and median award was 33.3%).

[7] "The percentage-of-the-fund method . . . clearly appears to have become the preferred method in common fund cases." *In re S.E. Milk Antitrust Litig.*, 2:07-CV 208, 2013 WL 2155387, at *2 (E.D. Tenn. May 17, 2013) (attached hereto as Exhibit 26) (*citing Stanley v. United States Steel Company*, 2009 WL 4646647 (E.D. Mich. Dec.8, 2009) (attached hereto as Exhibit 27); Brian T.

proper under the lodestar analysis. Plaintiff's Counsel have spent a combined total of 244.5 hours on this case, for a collective lodestar of $103,347.50. The requested fee award of $45,000.00 is significantly lower than this lodestar, and appropriately compensates Plaintiff's Counsel for the work performed, and the excellent result reached in this case, and should be approved.

### 2.  Plaintiff's Counsel's Costs Should be Approved

In addition to its provision for reasonable attorneys' fees, the FLSA provides for the reimbursement of costs. *See* 29 U.S.C. § 216(b). Thus, awards of reasonable out-of-pocket costs incurred by Plaintiff's counsel are routinely approved by courts as part of FLSA settlements. *See, e.g., Wade v. Werner Trucking Co*., 2:10-CV-270, 2014 WL 2535226, at *2 (S.D. Ohio June 5, 2014) (attached hereto as Exhibit 30).

Plaintiff's Counsel request as an award of $742.21for the costs they have incurred in pursuit of the FLSA Collective Members' claims. Lichten Decl. ¶ 25; Schalman-Bergen Decl. ¶ 23; Blanchard Decl. ¶ 14. These costs are associated with processing client documents, filing costs, processing the records produced by Defendants, and attending mediation. Lichten Decl. ¶ 14; Schalman-Bergen Decl. ¶ 23; Blanchard Decl. ¶ 14.

### IV.  CONCLUSION

Based upon the foregoing, the Parties respectfully request that the Court grant

---

Fitzpatrick, *An Empirical Study of Class Action Settlements and Their Fee Awards,* 7; J. Empirical Legal Stud. 811, 832 (December, 2010)).

this Motion and issue an Order: (1) approving Plaintiff's attorneys' fees in the amount $45,000.00 and costs and expenses of $742.21; (2) approving a service awardto Plaintiff Emmanuel Risbrook in the amount of $3,000.00; and (3) granting approval of the Settlement Agreement and dismissing this case with prejudice in accordance with the terms of the Settlement Agreement.

Dated:  May 14, 2020                    Respectfully submitted,

                                        EMMANUEL RISBROOK, individually
                                        and on behalf of others similarly situated

                                        /s/ Harold Lichten
                                        Harold Lichten

                                        LICHTEN & LISS-RIORDAN, P.C.
                                        729 Boylston St., Suite 2000
                                        Boston, MA 02116
                                        Telephone: (617) 994-5800
                                        Facsimile: (617) 994-5801
                                        hlichten@llrlaw.com

                                        *Attorneys for Plaintiff*
                                        *and the Proposed Class*

## **<u>CERTIFICATE OF SERVICE</u>**

I, Harold Lichten, hereby certify that on this day, May 14, 2020, a copy of the foregoing has been electronically filed on the ECF docket and is available for viewing and download.

<u>/s/ Harold Lichten</u>
Harold Lichten